MONACO, C.J.
 

 The appellant, Timothy David Rogers, posits that the trial court erred by allowing a state witness to testify by satellite from China at the trial of Mr. Rogers in
 
 *889
 
 Lake County, Florida. His theory is that by permitting the testimony from outside of the country, his constitutional right to confront this important witness against him was violated. More specifically, he asserts that because of the lack of an extradition treaty between the United States and China, there was no guaranty of the enforcement of the witness’s oath because of the extraterritorial nature of the testimony. Under the facts of this case, however, we conclude that the confrontation rights of the appellant were protected, and thus we affirm.
 

 Mr. Rogers was convicted at a jury trial of burglary of a structure, grand theft, criminal mischief causing greater than two hundred dollars’ damage, and resisting an officer without violence. During the course of the trial the court, over objection, allowed a former officer of the Lees-burg Police Department, who was the arresting officer and a material witness to the crimes charged, to testify via satellite feed from China. The defense, objecting on Confrontation Clause grounds, contended that the oath of the witness to tell the truth is only effective if the -witness can be subject to prosecution for perjury if he or she makes a knowingly false statement. Relying on the cases of
 
 Harrell v. State,
 
 709 So.2d 1364 (Fla.),
 
 cert. denied,
 
 525 U.S. 903, 119 S.Ct. 236, 142 L.Ed.2d 194 (Fla.1998), and
 
 Crawford v. Washington,
 
 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), Mr. Rogers postulated that “[t]o ensure that the possibility of perjury is not an empty threat for those witnesses that testify from outside the United States, it must be established that there exists an extradition treaty between the witness’s country and the United States, and that such treaty permits extradition for the crime of perjury.” The defense then argued that because there is no extradition treaty between China and the United States, the witness was precluded from testifying.
 

 The State, however, produced information from the Department of Justice, Office of International Affairs that confirmed that there was no extradition treaty between China and the United States, but which went on to indicate that if a warrant is issued for an American citizen’s arrest, and that citizen has fled to or is living in China, the United States Government will revoke the passport of that citizen and request the Chinese government to deport him or her and to allow that person to be taken into the custody of agents for the United States or of the jurisdiction from which the warrant is issued. According to the Department of Justice, this procedure has been successfully used in the past to enforce warrants issued in the United States for its citizens living in China. Moreover, the United States does have an extradition treaty in place for Hong Kong under which U.S. citizens living in or near Hong Kong, as does the witness in the instant case, can be arrested on a U.S. warrant upon entering that locus.
 

 The trial court found that the arresting officer resided in China with his wife, a Chinese national, and that he was a material and necessary witness in order “to prevent a failure of justice.” Further, the court found that because there was an effective procedure in place to enforce a U.S. warrant for the crime of perjury for a U.S. citizen residing in China, the State’s motion to permit trial testimony via satellite feed was granted. After he was found guilty and sentenced, Mr. Rogers filed this appeal.
 

 The Sixth Amendment of the United States Constitution provides: “In all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witnesses against him ...”
 
 See Harrell.
 
 Likewise, the Florida Constitution sets
 
 *890
 
 forth: “In all criminal prosecutions the accused ... shall have the right ... to confront at trial adverse witnesses ...” Art. I § 16(a), Florida Constitution.
 

 The Confrontation Clause, however, is not absolute in terms of a requirement for
 
 physical confrontation,
 
 and is subject to exceptions where “considerations of public policy and the necessities of the case” require it.
 
 Maryland v. Craig,
 
 497 U.S. 836, 849, 110 S.Ct. 3157, 111 L.Ed.2d 666 (1990);
 
 see also Harrell.
 
 For example, Florida allows the introduction of an allegedly abused child’s videotaped testimony in a criminal trial because the interest of the State and public policy considerations reflect that it is appropriate to spare child victims of sexual crimes the further trauma of in court testimony face-to-face with the accused.
 
 See Glendening v. State,
 
 536 So.2d 212 (Fla.1988),
 
 cert. denied,
 
 492 U.S. 907, 109 S.Ct. 3219, 106 L.Ed.2d 569 (Fla.1989);
 
 see also
 
 § 92.53, Fla. Stat. (2009). Likewise, Florida has provided by statute that a child or a person with “mental retardation” who may suffer harm by testifying in open court may testify by closed circuit television. See § 92.54, Fla. Stat. (2009). Nevertheless, these exceptions are only permitted when the reliability of the testimony is otherwise assured.
 
 Craig,
 
 497 U.S. at 850, 110 S.Ct. 3157.
 

 Harrell
 
 is the principal appellate determination informing our decision on the reliability of the testimony on the issue now before us. There, in a case involving the testimony via satellite from Argentina of foreign tourists who were the victims of a crime committed in Florida, the Florida Supreme Court noted that the purposes underpinning the Confrontation Clause are: (1) to impress the witness of the seriousness of the matter and to protect against a lie by the possible imposition of the penalties associated with perjury; (2) to allow the witness to be subject to cross examination; and (3) to allow the jury to have the opportunity to observe the demeanor of the witness as an aid to assessing credibility.
 
 Harrell,
 
 709 So.2d at 1368;
 
 see also Craig,
 
 497 U.S. at 851, 110 S.Ct. 3157. The court then concluded that the satellite procedure can only be approved as an exception to the Confrontation Clause if it is justified on a case-specific finding based on important state interests, public policies, or necessities of the case, and provided that the three purposes of confrontation — oath, cross-examination and observation of witness demeanor — are satisfied.
 
 Harrell,
 
 709 So.2d at 1369.
 

 In the present case the trial court specifically found that the State interest and necessities of the case warranted the use of the satellite procedure, and we entirely agree with this finding. The State’s prosecution of Mr. Rogers could not have gone forward without some acceptable procedure being adopted other than a face-to-face confrontation. We therefore turn to whether the three purposes of confrontation were met by use of the satellite transmitted audio and video testimony in this specific case.
 

 The methodology utilized allowed the witness to be fully cross examined by the defense, and the jury was fully able to observe the demeanor of the witness as he testified. Thus we are left only with determining whether the oath element, backed up by the possibility of the imposition of the penalties of perjury, was met. Indeed, this is the primary thrust of the argument advanced by Mr. Rogers.
 

 We agree with the trial judge that the oath element is satisfied. Here, the witness was a United States citizen who intended to return to live in the United States once his wife, a Chinese national, got her visa. If the State decided to charge him with perjury, there would be
 
 *891
 
 consequences upon his return. In addition, the State offered sufficient evidence of the procedures in place for citizens of the United States who have been charged with crimes in this country, including the crime of perjury, but who are living in China. We conclude, therefore, that the trial court did not err in finding that the satellite procedure would ensure that the oath required by the Confrontation Clause would be effective because the State established that the law enforcement officer would be subject to prosecution for perjury upon his making of a knowingly false statement. Accordingly, we affirm the judgment and sentence.
 

 AFFIRMED.
 

 PALMER and COHEN, JJ„ concur.